UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wayne Campbell and,
Malinda Campbell,

       Plaintiff,                          No. 2:11-CV-10068

v.                                         Hon. Gerald E. Rosen

Deutsche Bank National Trust Company,
As Trustee for First Franklin Mortgage Loan
Trust 2006-FF11,

       Defendant.

_____/

## OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        June 27, 2011

PRESENT:    Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

### I.    INTRODUCTION

This matter is presently before the Court on Defendant Deutsche Bank National Trust Company's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiffs Wayne Campbell and Malinda Campbell have responded and Defendant has replied.  Having reviewed the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be

determined on the briefs. For the reasons stated below, the Court has concluded that dismissal is proper.

## II. FACTUAL BACKGROUND

On May 8, 2006, Plaintiffs Wayne Campbell and Malinda Campbell borrowed $245,000.00 from First Franklin, a Division of National City Bank of Indiana ("the Lender"). To secure their indebtedness, the Campbells executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the Lender, on real property located at 29448 Springhill, Southfield, Michigan. On August 11, 2009, MERS assigned the mortgage to Defendant Deutsche Bank National Trust Company. Plaintiffs defaulted on the mortgage loan and, as a result, the property was sold at a sheriff's sale on May 25, 2010. Deutsche Bank made the highest bid - $77,500.00 - and obtained a sheriff's deed to the property. Under M.C.L. 600.3240(8), which provides for a six-month redemption period, the redemption period for the property in question expired on November 25, 2010. On December 7, 2010, Plaintiffs instituted this action in Oakland County Circuit Court. Defendant Deutsche Bank thereafter removed the case to this Court on January 6, 2011 on both federal question and diversity of citizenship grounds.

In their Complaint, Plaintiffs allege two counts. In Count I, Plaintiffs seek to quiet title and to set aside the sheriff's deed by contending that (1) the sheriff's deed and the foreclosure proceedings were fatally defective; and (2) the amount the property sold for at the sheriff's sale was inadequate, rendering the sale unfair. In Count II, Plaintiffs seek to rescind the mortgage, alleging violation of the federal Truth In Lending Act.

Deutsche Bank now moves for dismissal or summary judgment for failure to state a claim arguing that Plaintiffs have no standing to sue because they no longer had any interest in the

property once the redemption period expired. Defendant also argues that Count II of Plaintiffs' Complaint alleging a violation of the Truth In Lending Act is just a collateral challenge to the foreclosure, and in any event, any Truth In Landing Act claim is time-barred.

### III.   APPLICABLE STANDARDS

Fed. R. of Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted …." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). However, a plaintiff's factual allegations must arise above the speculative level and be more than legal conclusions or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,555 (2007); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). This elevated standard of pleading does not require "pleading of specifics, but only enough to state a claim for relief that is plausible on its face." *Twombly* at 570; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

*Iqbal* directs this Court to consider the plausibility of pleaded facts before making a determination as to whether those facts, if true, give rise to a cause of action. *Iqbal*, 129 S. Ct. at 1949. Thus, a complaint must traverse the barrier between the possibility and plausibility of relief. *Id*. The court may also consider surrounding context in distinguishing plausible claims from possible claims. *Id*.

Under Rule 12(d), if on a Rule 12(b)(6) motion matters outside the pleadings are presented to the court, the motion must be treated as a motion for summary judgment under Rule 56. However, documents attached to a motion to dismiss that are referred to in the Complaint

3

and central to the claim are deemed to form part of the pleadings. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001).

In this case, Defendant has attached to its motion to dismiss documentary evidence of the mortgage, assignment of mortgage and sheriff's deed. These exhibits and the information contained therein are referenced in Plaintiff's Complaint and are central to Plaintiff's claims. As such, they may be deemed to form part of the original complaint and should be considered in deciding Defendant's motion. *Id*. Thus, conversion to a Rule 56 motion is not required.

## IV.     ANALYSIS

### a.     *Count I – Quiet Title And Set Aside The Sheriff's Deed*

"In an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Road Com'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999). In cases dealing with mortgage foreclosure, Michigan law provides that "once the redemption period expire[s], all of plaintiff[s'] rights in and title to the property [are] extinguished." *Overton v. Mortgage Electronic Registration Systems*, 2009 WL 1507342, *1 (Mich. App., May 28, 2009); *see also, Piotrowski v. State Land Office Bd*., 302 Mich. 179, 187, 4 N.W.2d 514, 517 (1942); M.C.L. § 600.3236[1]; *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich., Oct. 29,

---

[1] M.C.L. § 600.3236 provides:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled, as hereinafter provided; and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed without being re-recorded, but no person having any valid subsisting lien upon the mortgaged

4

2010).  Plaintiffs' failure to exercise the right to redeem the property within the specified time permitted by statute terminates plaintiffs' interest in the property, thereby, preventing plaintiffs from being able to make out their prima facie case of title.  *Piotrowski,* 302 Mich. at 187.

Furthermore, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784 (1969); *see also Sweet Air Investment, Inc, v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id.*  quoting *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich., 1997)).

In the present case, the redemption period had expired on November 25, 2010.  Plaintiffs have not pled any facts to allege that they have timely attempted to redeem the property.  Therefore, unless Plaintiffs can make a clear showing of fraud or irregularity, the equitable extension of the period to redeem their property will not be granted and Plaintiffs will lack standing to challenge the foreclosure proceedings.

Plaintiffs contend that they have met their burden by alleging that the sheriff's deed and the foreclosure proceedings were fatally defective in that the Defendant failed to comply with the requirements of the foreclosure by advertisement statute and because the amount that the property sold for was inadequate.  (Complaint at ¶ 10).  Plaintiffs' complaint, however, fails to provide any facts as to how the Defendant failed to comply with the requirements of M.C.L. §

---

premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale, nor shall his rights or interests be in any way affected thereby.

M.C.L. § 600.3236.

600.3208.  Plaintiffs' allegations are not factual in nature but rather are the mere recitation of the elements of their cause of action.  Furthermore, in their response to Defendant's motion to dismiss for failure to state a claim, Plaintiffs again failed to provide any factual allegations to support their cause of action.  Instead, Plaintiffs once more relied on mere conclusory allegations by referencing Paragraph 10 of their Complaint, which only provides the elements of the cause of action.

With regard to the purchase price of the property at the sheriff's sale being inadequate and unfair, the Michigan Court of Appeals has held that "the need for certainty in such sales is … compelling."  *Schulthies*, 16 Mich.App. at 248.  In *Schulthies*, the purchase price at the foreclosure sale was also "well below the worth of the property"; however, the court concluded that this does not amount to either fraud or irregularity.  *Id*.

The purpose of requiring a posting of notice of the foreclosure sale is to inform the mortgagor so that he may see that a price adequate to protect his interests is obtained at the sale, and a plaintiff's failure to timely do so is no defense.  *Id*.  Likewise, in the present case, Plaintiffs' failure to challenge the adequacy of the purchase price until after the redemption period had expired is no defense.  Plaintiffs have failed to make a clear showing of fraud or irregularity and, as a result, lack standing to challenge the foreclosure proceedings.  Consequently, Count I of Plaintiffs' complaint will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Furthermore, even if Plaintiffs could make a clear showing of fraud or irregularity and, thereby, be permitted to challenge the foreclosure proceeding, Plaintiffs still could not set aside the sheriff's deed.  A "defect in notice renders a foreclosure sale voidable and not void."  *Jackson Investment Corporation, v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 756, 413

N.W.2d 99 (1987). In so ruling, the court reasoned that such a holding (1) gives security "to the title for real property" and (2) "allows for an examination of whether any harm was caused by the defect." *Id*. The sale should not be automatically nullified without considering the harm suffered by the mortgagor or the interests of intervening third parties. *Id*. This is especially true in a case where "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property." *Id*. *See also Sweet Air Investment, Inc. v. Kenney*, 275 Mich. App. 492, 503, 739 N.W.2d 656 (2007) (holding that a defect in the foreclosure notice is "insufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice"). In *Sweet Air Investment*, the defendants waited until plaintiff instituted eviction proceedings against them to challenge the foreclosure sale. *Id*. There was no effort to timely challenge the validity of the foreclosure sale or to redeem the property within the redemption period. *Id*. Based on these facts, no prejudice was shown. *Id*.

In the present case, Plaintiffs cannot show that they were prejudiced from any alleged defect in the notice. Plaintiffs, like the defendants in *Sweet Air Investment*, waited until after the redemption period expired to challenge the validity of the foreclosure sale. Plaintiffs have not pled any facts nor have they offered any evidence to show that any defect in the notice (1) prevented them from making a bid at the sale; (2) that they possessed the funds to outbid $77,500 (the highest bid) let alone to pay the entire unpaid balance of $280,404.29; (3) that they attempted to redeem the property during the redemption period; or (4) that they were prejudiced in any other way. Based on the foregoing, Plaintiffs cannot show that they were prejudiced and that the sheriff's deed should be set aside.

      b.    *Count II – Rescission of Mortgage Pursuant to Title 15 USCS Sec. 1635(i)*

Plaintiffs also seek to rescind the mortgage securing the property by alleging that the Defendant violated the Truth In Landing Act ("TILA"). Specifically, Plaintiffs' allege that (1) a mortgage broker fee was not included in the finance charge at the time the consumer credit transaction was consummated; and (2) the form of notice of rescission for the transaction was not the appropriate form of written notice published and adopted by the board of realtors, banking institutions or the legislative body. (Complaint at ¶¶ 13-15). Defendant argues that the claim is barred either by the one-year period of limitation or the three-year statute of repose.

The one-year statute of limitations for claims brought under TILA applies only to those claims seeking damages. 15 U.S.C. § 1640(e). Claims brought under the TILA must be brought "within one year from the date of the occurrence of the violation." *Id*. To the extent that Plaintiffs seek damages for the alleged TILA violation, to have been timely, Plaintiffs would have had to have initiated this action by May 8, 2007. However, Plaintiffs did not file their Complaint until December 7, 2010, more than three years too late.

However, this one-year statute of limitations is subject to equitable tolling. Plaintiffs' Complaint, however, does not allege any inequitable conduct on part of the Defendant that might have deterred Plaintiffs from timely asserting their claim.

In addition to having a statute of limitations, TILA claims are also subject to a three-year statute of repose. Statutes of repose limit the time in which an action may be brought, regardless if the injury has occurred or been discovered yet. Under 15 U.S.C. § 1635(f), "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Here, the consummation of the transaction took place on May 8, 2007 when the mortgage was executed. Plaintiffs did not

8

file their claim until December 7, 2010 – beyond the three-year period of repose. Furthermore, tolling principles do not apply with statutes of repose because they are meant to serve as a cut-off. *See Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991).

Consequently, the statute of limitations and the statute of repose set forth in 15 U.S.C. §§ 1635 and 1640, bar Plaintiffs' TILA claims in Count II of their Complaint.

## V.   CONCLUSION

For all the foregoing reasons,

IT IS HEREBY ORDERED that the Defendant's Motion to dismiss [Dkt #2] is GRANTED.

It is FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED in its entirety, with prejudice.


Dated:   June 27, 2011

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2011, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137